# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLARENCE W. SEELEY, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | No. 1:12-cv-01749-JMS-TAB |
| ) | |
| SHELL'S, ) | |
| ) | |
| Defendant. ) | |

## Entry Concerning Selected Matters and Directing Further Proceedings

### I.

Plaintiff Clarence W. Seeley has sued "Shell's" based on a theory that the owner of the Shell Gas Station should be held liable for the actions of a third-shift employee who allegedly harassed and physically injured Seeley on June 18, 2012.

Seeley was given a period of time to set forth the basis of this court's jurisdiction over his claims. In response he asserts that the court has diversity jurisdiction, but requests additional time to respond. The request for additional time [11] is **granted**. Seeley shall have **through January 30, 2013**, in which to set forth the basis of this court's jurisdiction over his claims.

A plaintiff asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 bears the burden of setting forth affirmative allegations establishing that this court has subject matter jurisdiction. *See e.g., Ray v. Bird & Son and Asset Realization Co.,* 519 F.2d 1081, 1082 (5th Cir.1975); 5 Charles Wright & Arthur Miller, **FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D** ' 1208, at 101 n.9, 103-04 n.12 (ed. 1990 and 1993 pocket part); 13 B *id.* ' 3611, at 516-18 & nn. 27-29, ' 3624, at 610 n.20 (ed.1984 and 1993 pocket part). If diversity jurisdiction is alleged the plaintiff must allege the citizenship of each party. See *Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). In so doing, the plaintiff should clarify the identity of the defendant, for example does he intend to sue the owner of a specific Shell service station, the gas station itself, the Shell Oil Company or another entity?

**II.**

The plaintiff's motion to appoint counsel [12] is **denied**. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff's motion fails to explain what efforts, if any, he has made to obtain counsel. This failure dooms his request at this time.

**III.**

The clerk is directed to include a **copy** of the December 5, 2012, Order along with the plaintiff's copy of this Entry. The plaintiff shall have an additional period of time, **through January 30, 2013,** in which to pay the initial partial filing of Four Dollars and Zero Cents as previously directed.

**IT IS SO ORDERED.**

Date: 01/09/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Clarence W. Seeley
DOC #142081
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN   46168

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.