UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLARENCE W. SEELEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SHELL'S, )<br>)<br>Defendant. ) | No. 1:12-cv-01749-JMS-TAB |

**Entry and Order Dismissing Action**

**I.**

Clarence W. Seeley filed this civil action on November 29, 2012. He sues "Shell's" asserting a claim that the owner of the Shell Gas Station in Connersville Indiana should be held liable for the actions of a third-shift employee who allegedly harassed and physically injured Seeley on June 18, 2012.

Subject-matter jurisdiction is a synonym for adjudicatory competence. *Morrison v. National Australia Bank Ltd.,* 130 S. Ct. 2869, 2876–77 (2010). Seeley was previously informed by this court that "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties," *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009)(citing 28 U.S.C. ' ' 1331-32), and was given a period of time in which to identify the basis of the court's jurisdiction over his claims. [Dkt. 13]. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

Seeley asserts that this court has federal question jurisdiction under various statutes involving labor organizations, [dkt. 15], but the Complaint's allegations assert a state law tort and undermine such assertion. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff=s right to relief is created by or depends on a

federal statute or constitutional provision). Furthermore, there is also no allegation of citizenship that would support the exercise of diversity jurisdiction.

A case over which the court lacks jurisdiction must be dismissed. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-26 (7th Cir. 1998). That is the disposition required here. The several ancillary motions [16], [25], [26], and [27] are each denied as moot and Seeley's request for the issuance of a subpoena to obtain a criminal record of Hayward E. Ford [28] is of no effect and likewise denied.

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/02/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Clarence Wayne Seeley
DOC #142081
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391